**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: October 11, 2021
Date Decided: December 14, 2021

Mr. Jeffrey C. Guseman
S.B.I. #620580
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Barzilai K. Axelrod, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 5th Floor
Wilmington, Delaware 19801

RE:   *State v. Jeffrey C. Guseman*
      ID No. 1905004486
      Second Motion for Reduction or Modification of Sentence

Dear Messrs. Guseman and Axelrod:

The Court is in receipt of Mr. Guseman's latest request to reduce or modify his sentence (D.I. 28) and the State's response thereto (D.I. 30).

On November 4, 2019, Jeffrey C. Guseman pleaded guilty to two counts of manslaughter and one count of assault second degree (as a lesser offense of assault in the first degree).[1]   His sentencing occurred on July 10, 2020, after a comprehensive presentence investigative (PSI) report was prepared.  And he was sentenced:  (a) for Manslaughter (N19-05-0415W-Victim Raju Channappa)—25 years at Level V suspended after serving five years at Level V for 20 years at Level IV (DOC Discretion), suspended after serving six months at Level IV, for two years

---

[1]   Plea Agreement and TIS Guilty Plea Form, *State v. Jeffrey C. Guseman,* ID No. 1905004486 (Del. Super. Ct. Nov. 4, 2019) (D.I. 13).  For a fuller recounting of the crimes and proceedings underlying this plea and eventual sentencing, the reader is referred to the Court's disposition of Mr. Guseman's first sentence reduction motion. *State v. Guseman*, 2021 WL 916220, at *1 (Del. Super. Ct. Mar. 10, 2021).

at Level III (TASC); (b) for Manslaughter (N19-05-0416W-Victim Lakshmidevi Hanumanthappa)—25 years at Level V suspended after serving five years at Level V with no probation to follow; and (c) for Assault Second Degree (N19-05-0417W-Victim Prashanth Raju)—Eight years at Level V suspended after serving two years and six months at Level V with no probation to follow[2]  Mr. Guseman's sentencing order provides that his sentence is effective November 4, 2019, that the Level V terms for the manslaughter counts are to be served concurrently while the Level V term for the felony assault counts is to be served consecutive thereto, and that he is to be held at Level V until space is available for his Level IV placement.[3]

Mr. Guseman filed no direct appeal of his convictions or sentences. Instead, he almost immediately docketed a motion under Superior Court Criminal Rule 35(b) requesting substantial reduction of his cumulative prison term.[4] Mr. Guseman asked that the Court reduce his sentence to a total of five years imprisonment suspended after completion of a Level V substance abuse/mental health program followed by continued treatment at Level IV and while on community supervision.[5] After review

---

[2]  Sentence Order, *State v. Jeffrey C. Guseman,* ID No. 1905004486 (Del. Super. Ct. Nov. 4, 2019) (D.I. 13). There are numerous financial, no-contact, evaluation and treatment terms and conditions included as part of Mr. Guseman's sentence. But as those are not challenged in his motion, they are not fully set out here.

[3]  *Id.*

[4]  Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5]  Def.'s Rule 35(b) Mot., at 2-3. (D.I. 21).

and consideration of that motion and the submissions thereon, the Court denied that motion on its merits.[6]

He has now docketed another request under Rule 35(b) seeking reduction or modification of his sentence as well as other forms of relief. This time, Mr. Guseman: (1) repeats his request that the two and one-half year prison term imposed for his felony assault conviction be eliminated; (2) asks that the Court order correction of what he believes to be an error in his Department of Correction (DOC) Offender Status Sheet; and (3) wants the Court to designate that his Level V term be served at a specific institution.[7]

He argues this relief is appropriate because he has certain medical issues that: (1) he believes cannot be treated adequately at the Howard R. Young Correctional Institution; (2) leave him more susceptible to a COVID-19 infection; and (3) are best addressed at the James T. Vaughn Correctional Center (JTVCC).[8]

When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[9] Mr. Guseman's application does not address **all** the applicable bars to consideration of his current Rule 35(b) motion. The Court must.[10]

---

[6]  *Guseman*, 2021 WL 916220, at *4-5.

[7]  Def.'s Rule 35(b) Mot., at 2-3.

[8]  Def.'s 2nd Rule 35(b) Mot. (D.I. 10).

[9]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[10]  *See State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014).

First, Mr. Guseman's request for revision of his DOC Offender Status Sheet does not invoke a form of relief cognizable under Rule 35(b). "An Offender Status Sheet catalogs '[a]n offender's legal status while incarcerated including but not limited to, committed charges, length of stay, application of good time if applicable, release date and conditions.'"[11] That is, it is an internal recordkeeping document created and maintained by the DOC; it is not the actual sentence or sentencing order. For that reason alone a Rule 35(b) motion is the wrong vehicle to address any supposed discrepancy between Mr. Guseman's DOC Offender Status Sheet and this Court's sentencing order.[12] And even if the Court were to consider this a properly pled writ,[13] a review of the entirety of the Offender Status Sheet demonstrates that it accurately reflects the sentence imposed by this Court. Mr. Guseman hasn't shown he has a clear right to any revision of his wholly accurate Offender Status Sheet. So no relief via mandamus can't possibly be due.

Second, as to Mr. Guseman's request that the Court order DOC to house him at JTVCC because he believes that placement will better address his medical needs and his want to engage in certain educational programming—that, too, is not a form of relief this Court will grant under Rule 35(b). Again, the relief he seeks is not a reduction or modification of the actual sentence, but for the Court to order where

---

[11] *Smith v. McBride*, 2016 WL 4191928, at \*1 n.2 (Del. Aug. 4, 2016) (quoting Dep't of Corr., Policy Manual, Policy Number 3.13).

[12] *See id.*

[13] This Court may only issue a writ of mandamus to the DOC to compel the performance of a duty if the petitioner can show (i) a clear right to the performance of a duty; (ii) an arbitrary refusal to perform the duty, and (iii) that no other adequate remedy is available. *Id.* at \*1.

within the DOC Level V system it is to be served. Mr. Guseman's placement in any specific program or at any specific institution is at DOC's sole discretion. And the Court here—as always—leaves such Level V classification and placement decisions to the DOC.[14]

All that is left, is the actual request to cut one-third off of Mr. Guseman's sentence of imprisonment.

Found in Rule 35(b) is a distinct and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[15] Mr. Gusemen previously filed an unsuccessful application to reduce his prison term.[16] And a motion is "repetitive" under Rule 35(b) whenever it is preceded by an earlier Rule 35(b) motion, "even if the subsequent motion raises new arguments."[17]

As our Supreme Court and this Court have consistently held, Rule 35(b) strictly prohibits consideration of repetitive requests for sentence reduction.[18] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception,

---

[14] *See Samans v. Dept. of Correction*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015) ("Inmates do not have a right to a particular prison classification and placement of inmates within the prison system is within the wide spectrum of discretionary actions that traditionally have been the business of prison administrators, rather than of the courts." (cleaned up)); *State v. Goodman*, 2010 WL 547394, at *2 (Del. Super. Ct. Feb. 9, 2010) (observing that "[c]ourts are generally very reluctant to interfere with the administration of prisons"). And if that were not enough, the submissions provided also demonstrate the DOC is no doubt aware of an managing any specific medical issue Mr. Guseman may have. *See* State's Resp., at 12-14.

[15] Super. Ct. Crim. R. 35(b) (emphasis added).

[16] Def.'s Rule 35(b) Mot., at 2-3. (D.I. 21).

[17] *Culp*, 152 A.3d at 144.

[18] *Id.* at 145; *Redden,* 111 A.3d at 608–09.

but the bar to repetitive motions has none.[19] No, this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[20] So the Court would have to deny Mr. Guseman's Rule 35(b) motion on this basis alone.[21]

Accordingly, the Court **DENIES** Mr. Guseman's Rule 35(b) motion (D.I. 28) for sentence reduction and modification because it seeks certain forms of relief not available under that rule and because it is a mere repeated ask for relief that he sought earlier this year.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: Gregory E. Smith, Deputy Attorney General
   Investigative Services Office

---

[19] *Culp*, 152 A.3d at 144; *Redden,* 111 A.3d at 608–09.

[20] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

[21] *Culp*, 152 A.3d at 145; *Redden,* 111 A.3d at 608–09.